# In the United States Court of Federal Claims

No. 19-837
(Filed:  31 August 2022[*])

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ARNOUSE DIGITAL DEVICES CORP., | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant, | * |
| | * |
| KLAS TELECOM, INC., | * |
| | * |
| Third-Party Defendant, | * |
| | * |
| KLAS TELECOM GOVERNMENT INC., | * |
| | * |
| Third-Party Defendant. | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

**HOLTE**, Judge.

On 6 June 2019, plaintiff filed a complaint alleging the United States government infringed its patent.  On 16 April 2021, the parties entered settlement discussions, and on 15 July 2021, they requested the Court stay all proceedings.  All parties anticipated this case would be dismissed with prejudice pursuant to Rule 41(a)(1)(A)(ii) of the Rules of the Court of Federal Claims upon execution of a license agreement between plaintiff and third-party defendants, Klas Telecom, Inc. and Klas Telecom Government, Inc.  Plaintiff and Klas failed to execute a license agreement; however, plaintiff alleges they nevertheless entered into a valid and enforceable license agreement via multiple email exchanges.  Plaintiff requests the Court find a license agreement exists and then dismiss the case.  As plaintiff now alleges its patent infringement claim against the government is moot in view of this license, plaintiff asserts factual grounds that undermine the Court's subject matter jurisdiction over the case.  In effect, plaintiff's request

---

[*] This order was originally filed under seal on 22 August 2022, ECF No. 81, to protect the confidentiality of the communications contained in the parties' sealed joint appendix, ECF No. 73.  The Court provided the parties opportunity to review the order for any proprietary, confidential, or other protected information, and submit to the Court proposed redactions.  The parties notified the Court they have no redactions.  This order is now reissued for publication.

amounts to a peculiar motion to dismiss its own complaint for lack of subject matter jurisdiction. The Court's appropriate course of action in these circumstances is to order plaintiff to show cause as to why the Court should not construe plaintiff's request as a motion for voluntary dismissal pursuant to RCFC 41(a)(2). The Court will hold a status conference to discuss with the parties before proceeding with such an order.

## I.    Background

### A.    Factual & Procedural History

On 6 June 2019 plaintiff filed a complaint alleging the government infringed U.S. Patent No. 10,101,769. *See* Compl., ECF No. 1. Plaintiff alleged the government authorized or consented to the use or manufacture of the inventions described in the '769 patent by Klas Telecom, Inc., and Klas Telecom Government, Inc. (collectively, "Klas"). *Id.* at 1. Plaintiff alleged the Court has subject matter jurisdiction over its claim under 28 U.S.C. § 1498(a). *Id.* at 16. On 29 July 2019, pursuant to Rule 14(b) of Rules of the Court of Federal Claims ("RCFC"), the government filed unopposed motions to notify Klas of its potential interest in the subject matter of the case, ECF Nos. 6, 7. *See* Notice, ECF Nos. 20, 21. On 4 October 2019, the government filed its answer to the complaint, ECF No. 16, and on 2 December 2019, Klas filed an answer to the complaint, ECF No. 28. On 27 January 2021, the Court entered a claim construction briefing schedule, ECF No. 47. The parties completed claim construction briefing and the Court scheduled a *Markman* hearing for 29 July 2021. *See* Order, ECF No. 55.

Plaintiff's counsel initiated settlement discussions on 16 April 2021. J.A. at 2–3, ECF No. 73. After three months of negotiation, on 15 July 2021, all parties filed a joint motion to stay the case, which the Court granted. Joint Mot. to Stay at 1, ECF No. 56; Order, ECF No. 57. Settlement discussions then broke down; on 17 September 2021, plaintiff filed a motion for leave to file a motion to enforce a settlement agreement and to file exhibits under seal.[1] *See* Pl.'s Mot. for Leave, ECF Nos. 60, 61. The Court held a status conference with the parties on 3 December 2021 to discuss the jurisdictional issues argued in the briefing on plaintiff's motion for leave. *See* Order, ECF No. 67. At the status conference, all parties agreed establishing the Court's jurisdiction over plaintiff's anticipated motion to enforce a settlement agreement is a threshold issue the Court should address before all else. *Id.* at 1. Consequently, the parties agreed to a supplemental briefing schedule to address the jurisdictional questions raised during the status conference. *Id.* The parties also agreed the stay of the case should continue. *Id.* Lastly, plaintiff agreed this schedule for proceedings renders its motion for leave moot. *Id.* The Court granted plaintiff's motion to strike, denied as moot plaintiff's motion for leave, continued the stay of proceedings, and entered a supplemental briefing schedule to address the Court's jurisdiction to enforce the parties' alleged settlement agreement. *Id.* at 2.

On 31 January 2022, the parties filed a joint appendix under seal including all communications leading to the alleged agreements, ECF No. 73. On 1 February 2022, plaintiff filed its supplemental brief in support of the Court's jurisdiction to enforce the parties' alleged

---

[1] Plaintiff originally filed its motion on ECF as a motion for leave to file highly sensitive documents. Pl.'s Mot. for Leave, ECF No. 60. Plaintiff corrected the original motion for leave filing on 22 September 2021 under the proper ECF event, and included a motion to strike its 17 September 2021 filing. *See* Pl.'s Mot. for Leave, ECF No. 61.

settlement agreement.  *See* Pl. Suppl. Br., ECF No. 74.  On 3 March 2022, the government and Klas each filed a response.  *See* Gov't Suppl. Br., ECF No. 75; Klas Suppl. Br., ECF No. 76.  On 23 March 2022, plaintiff filed a reply in support of its supplemental brief.  *See* Pl. Suppl. Reply, ECF No. 77.  On 2 June 2022, the Court heard oral argument on the issue.  *See* Order, ECF No. 78.

### B.      The Alleged Agreements

Plaintiff alleges the existence of two separate agreements:  a license agreement between plaintiff and Klas, and a settlement agreement between all parties.  Oral Arg. Tr. ("Tr.") at 9:6– 13:25, ECF No. 80.[2]  The license agreement includes "only . . . Klas and [plaintiff] as signatories," not the government, and deals with issues such as royalties, the scope of the patent license, and liability release.  Tr. at 20:3–23, 32:11–12 (plaintiff's counsel confirming "the [g]overnment truly was not involved" with the license agreement).  Separate from the license, the settlement agreement includes all parties' and is based on their stated intent to sign a dismissal with prejudice once the license agreement between plaintiff and Klas "was finalized and signed." Tr. at 20:3–23.

Plaintiff argues "[p]laintiff and Klas agreed to all material terms [of the license agreement] via email."  Tr. at 34:14–24.  Although they did not reduce the agreement to a "formal signed writing," "the attorney email negotiations" between plaintiff and Klas in the joint appendix, ECF No. 73, create a "valid and enforceable" patent license agreement.  *Id.* Specifically, plaintiff points to an email dated 7 July 2021 from Klas's counsel to plaintiff's counsel, J.A. at 77–78, for all "the material terms necessary for a meeting of the minds and a valid . . . license agreement."  Tr. at 47:5–13.

As for the all-parties settlement agreement, plaintiff contends the joint motion to stay, ECF No. 56, "memorialized the [p]arties' Settlement Agreement to dismiss this case once the License Agreement was finalized."  Pl. Suppl. Br. at 4.  The joint motion to stay stated:  "[u]pon execution of the [license] agreement . . . , [p]laintiff, [t]hird-[p]arty defendants, and the United States anticipate that the present litigation will be dismissed with prejudice pursuant to RCFC 41(a)(1)(A)(ii)."  Joint Mot. to Stay at 1.  If the plaintiff-Klas license agreement is valid, then, as documented by the joint motion to stay, plaintiff avers the parties have an enforceable settlement agreement—an "agreement to dismiss this case with prejudice."  Pl. Suppl. Br. at 2.

## II.      Summary of the Key Arguments

Plaintiff argues the issue "is whether the Court has subject matter jurisdiction to enforce an agreement to dismiss this action by way of adjudicating the validity of the License Agreement between [plaintiff] and Klas, an integral and necessary part of the Parties' settlement."  Pl. Suppl. Br. at 2.  Although plaintiff requests the Court decide the validity of its alleged license before

---

[2] At oral argument, Klas and the government disagreed initially with how plaintiff termed the two alleged agreements.  For clarity, the Court adopts plaintiff's nomenclature, but nothing in this order should be construed as a reflection of the Court's views as to whether either is a valid and enforceable "agreement," or what the terms of each are.

dismissing, plaintiff made some key arguments at oral argument that reveal the nature of its request.  Tr. at 106:6–23.

Regardless of a separate all-parties settlement agreement to dismiss the case, plaintiff asserts the Court can dismiss this case based on a valid license agreement alone.  Plaintiff alleges the license agreement "grant[ed] a release for all past infringement of the '769 patent . . . and all other patents and, going forward, a license under the ['769 patent]."  Tr. at 106:14–17.  Plaintiff continues, "if there is a license agreement, which [plaintiff] contends that there is, then there is no longer a case []or controversy and Plaintiff['s §] 1498 patent infringement suit against the U.S. Government is moot."  Tr. at 106:6–9, 106:21–23 (plaintiff's counsel); Pl. Suppl. Br. at 16 ("The existence of the License Agreement essentially moots Arnouse's case against the Government . . . .  The License Agreement, if found valid, removes an essential element of Arnouse's action against the Government . . . .").  If there is a license, plaintiff states the Court could appropriately "dismiss[] this case" due to a "lack of subject matter jurisdiction . . . sua sponte[.]"  Tr. at 42:11–17.  In effect, plaintiff requests the Court dismiss plaintiff's own complaint for lack of subject matter jurisdiction after finding it has an enforceable license against Klas.

The government agrees plaintiff's alleged "license in this Court is jurisdictional, [and] would deprive this Court of subject matter jurisdiction to do anything else[, s]o the Court [could] dismiss the case based on the lack of jurisdiction because of the license."  Tr. at 41:1–9; Gov't Suppl. Br. at 9–10.  Klas argues the Court lacks authority to "make a specific factual finding relating to the third-party agreement between [plaintiff] and Klas, and effectively enforce that agreement," as requested by plaintiff.  *Id.* at 11–12.

## III.   Applicable Law

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (citations omitted).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting the jurisdiction." *Id.* (citations omitted).  Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and it "can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citations omitted).  "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).  "[I]f a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514; *see also Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1346 (Fed. Cir. 2008); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991); *Hale v. United States*, 143 Fed. Cl. 180, 184–85 (2019); RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"The jurisdiction of the Court of Federal Claims is even more limited than that of other federal district courts." *Giesecke+Devrient GmbH v. United States,* 150 Fed. Cl. 330, 342

(2020).  "Pursuant to express grants by Congress, the jurisdiction of the Court of Federal Claims is primarily over monetary claims against the federal government; thus, almost universally, suits between private litigants are 'beyond the jurisdiction of the court.'"  *Id.* (quoting *United States v. Sherwood*, 312 U.S. 584, 588 (1941)).  The jurisdiction of the Court of Federal Claims is prescribed by the "metes and bounds of the United States' consent to be sued in its waiver of immunity."  *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1461 (Fed. Cir. 1998) (citing *Sherwood*, 312 U.S. at 586).  "Therefore, the limits placed upon this Court, 'whether imposed by the Constitution or by Congress,' are precise and 'must neither be disregarded nor evaded.'"  *Giesecke*, 150 Fed. Cl. at 342 (quoting *RHI Holdings, Inc.*, 142 F.3d at 1461).

## IV.    Analysis of Plaintiff's Request

As agreed by all parties, the Court's jurisdiction to hear this case arises under 28 U.S.C. § 1498(a).  Pl. Suppl. Br. at 6; Gov't Suppl. Br. at 9–10; Klas Suppl. Br. at 11.  Section 1498(a) provides:  "Whenever a[ patented] invention . . . is used or manufactured by or for the United States *without license* of the owner . . . , the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture."  28 U.S.C. § 1498(a) (emphasis added).  This statute "provides the sole remedy available to a patentee for an eminent domain taking of a license in his patent."  *De Graffenried v. United States*, 228 Ct. Cl. 780, 783 (1981) (emphasis removed), *aff'd sub nom.* 985 F.2d 584 (Fed. Cir. 1992).

Plaintiff now presents factual allegations which, if taken as true, undermine the Court's subject matter jurisdiction over plaintiff's own complaint.  For the Court to have jurisdiction over a claim under § 1498(a), the government must have taken plaintiff's patented invention "without license of the owner."  Compl. at 2 (citing § 1498(a)).  Plaintiff now "challenge[s] the [C]ourt's jurisdictional authority by denying or controverting necessary jurisdictional allegations"—plaintiff states the government's actions are licensed.  *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996) (citing *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278 (1936)); Pl. Suppl. Reply at 9.  As the claimant, "the burden of establishing" subject matter jurisdiction over its complaint rests on plaintiff.  *Kokkonen*, 511 U.S. at 377.  Although the government and Klas argue no license exists, the defense of subject matter jurisdiction "can never be forfeited or waived."  *Arbaugh*, 546 U.S. at 514.  The Court "ha[s] an independent obligation to determine whether subject-matter jurisdiction exists," *id.*, and plaintiff now pleads the Court lacks subject matter jurisdiction over its complaint because of a license.  Tr. at 106:6–9, 106:21–23 (plaintiff's counsel); Pl. Suppl. Br. at 16; Pl. Suppl. Reply at 9.  When a "plaintiff discovers that subject matter jurisdiction is lacking," it can neither:  bring a RCFC 12(b)(1) motion to dismiss against its own claim, *cf. Feezor v. Excel Stockton, LLC*, No. CIV S 12-0156 KJM, 2013 WL 2485623, at *11 (E.D. Cal. June 10, 2013); nor "move pursuant to [RCFC] 41(a)(2) for a voluntary dismissal contingent on the fulfillment of terms that the court may find proper."  5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 (3d ed. 2022).  Plaintiff's request amounts to just that—an RCFC 41(a)(2) motion for voluntary dismissal based on a lack of subject matter jurisdiction, contingent on the Court finding plaintiff and Klas have a valid license.  *See id.*; RCFC 41(a)(2) ("[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . .  Unless the order states otherwise, [the] dismissal . . . is without prejudice."); Pl.

Suppl. Reply at 7–12.  As subject matter jurisdiction is plaintiff's burden and plaintiff alleges facts destroying subject matter jurisdiction, the Court finds it unnecessary to determine the truth of plaintiff's allegations.[3]  *Kokkonen*, 511 U.S. at 377.  If plaintiff's allegations are taken as true, the Court "is required to dismiss the suit and the fact that the plaintiff has noticed the lack of jurisdiction does not bring the dismissal within the discretion of the court."  Wright & Miller, *supra*, § 1350 ("[A] dismissal [for lack of subject matter jurisdiction] is not a decision on the merits and has no res judicata effect that would prevent the reinstitution of the action in a court that has subject matter jurisdiction over the controversy."); RCFC 12(h)(3); *Arbaugh*, 546 U.S. at 514.

## V.    Conclusion

Plaintiff alleges its patent infringement claim against the government is moot in view of a license and asserts factual grounds that undermine the Court's subject matter jurisdiction over the case.  For the reasons discussed *supra*, the Court's appropriate course of action in these circumstances is to order plaintiff to show cause as to why the Court should not construe plaintiff's request as a motion for voluntary dismissal pursuant to RCFC 41(a)(2) and dismiss the case without prejudice.  To discuss next steps in the case, the Court will hold a status conference the week of 29 August 2022 before issuing the show cause order.  The Court further **LIFTS** the stay of proceedings in this case and **TERMINATES** the parties' obligation to file joint status reports every thirty days, ECF No. 57.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge

---

[3] "[T]he only ruling from this Court" plaintiff is "asking for" at this time "is that the license agreement is valid and enforceable."  Tr. at 85:10–15; *see also* Tr. at 92:15–21.  Plaintiff intends to then "bring [the ruling] to a state court[,] ask the state court to take judicial notice of it[,] and then make a determination about breach and damages."  Tr. at 42:18–21 (plaintiff's counsel).  While a party to a Contract Disputes Act-governed contract with the government may seek a declaration concerning contract interpretation, the Court is not aware of any general authority under which it may declare private rights before dismissing for lack of subject matter jurisdiction.  *See, e.g.*, *Am. Renovation & Const. Co. v. United States*, 65 Fed. Cl. 254, 261 (2005); *see also* Tr. at 116:4–117:8 (government counsel explaining the statute granting the Court authority to adjudicate CDA-contract private party disputes was repealed in 2011).  Notwithstanding the Court's lack of authority to enter declaratory judgments, *United States v. King*, 395 U.S. 1, 2–3 (1969), the Court emphasizes such a decision would divest the Court of subject matter jurisdiction and end the case.  Tr. at 42:11–17; § 1498(a); *Arbaugh*, 546 U.S. at 514.  Plaintiff's stated intent at oral argument accordingly conflicts with Federal Circuit case law:  "in the absence of subject matter jurisdiction there can be no preclusive findings or conclusions on the merits, and dismissal for lack of jurisdiction is *without prejudice*."  *Aerolineas Argentinas*, 77 F.3d at 1572 (Fed. Cir. 1996) (citing *Lewis v. United States,* 70 F.3d 597, 603 (Fed. Cir. 1995) ("[A] jurisdictional dismissal is not res judicata.") (emphasis added); *Wheeler v. United States,* 11 F.3d 156, 159–60 (Fed. Cir. 1993); *Burnside–Ott Aviation Training Ctr., Inc. v. United States,* 985 F.2d 1574, 1580–81 (Fed. Cir. 1993)).  As such, plaintiff's requested decision from the Court would not be preclusive and would not result in a dismissal with prejudice.  *Id.*